IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02775-WYD-MJW

DOETTA LIVINGSTON,

   Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

   Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Attorneys [sic] Fees, [ECF No. 10], filed January 6, 2012.   Defendant filed its Response [ECF No. 11] on January 27, 2012, and Plaintiff filed a Reply, [ECF No. 12], on February 10, 2012.   For the reasons stated below, I grant the motion in part and deny it in part.[1]

Plaintiff filed this case alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on October 24, 2011.   Not long thereafter, Plaintiff filed his Notice of Acceptance of Defendant's Offer of Judgment Pursuant to Fed. R. Civ. P. 68, [ECF No. 6], on December 20, 2011.   Judgment was entered on behalf of the Plaintiff in the amount of the offer, $1,001.00.   *See* Judgment, [ECF No. 7], filed December 23, 2011.   Plaintiff now seeks $3,780.00 in attorney fees for 12.6 hours of

---

[1] Defendant also filed several Notices of Supplemental Authorities [ECF Nos. 13, 14, 15] advising the Court of recent orders by my colleagues on motions for attorney fees in other FDCPA cases in the District of Colorado involving Plaintiff's counsel, David M. Larson.   Some of these cases also involve the same defendant, Midland Credit Management, Inc., although there are different plaintiffs.   I have reviewed these Notices with in conjunction with my review of the record in this case.

work on the case by his attorney, Mr. David M. Larson.[2]  Defendant asks for an hourly rate of $225-250 and seeks to reduce the number of hours allowed, so that the award is $750.  I will not repeat Defendant's arguments here, but Defendant relies on its allegations of clerical work performed by an attorney, excessive hours for various tasks, work expended solely for padding an attorney's fee award, and prior negotiations between counsel.

Under the FDCPA, a successful litigant is entitled to reasonable attorney fees.  15 U.S.C. § 1692k(a)(3).  Thus, Plaintiff is entitled to such an award.  "To determine the reasonableness of a fee request, [I] must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations omitted).  "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"  *Robinson*, 160 F.3d at 1281 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  I must "approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'"  *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)).

In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client.  *See Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*

---

[2] Plaintiff's request for an additional $780.00 associated with filing his reply is untimely and will not be considered.  *See Brimmer v. Life Insurance Co. of North America*, 462 Fed. Appx. 804, 811 (10th Cir. Feb. 12, 2012) (an issue or argument may not be properly raised in the first instance in a reply brief).

pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (citations omitted). Counsel must therefore make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Id.* I have a corresponding obligation to exclude hours not "reasonably expended" from the calculation. *Malloy*, 73 F.3d at 1018.

Turning to my consideration of Plaintiff's fee application, I first address the hourly rate. Plaintiff's attorney's requested hourly rate of $300 is excessive and inconsistent with prevailing market rates in the community for lawyers of comparable skill, experience, and reputation. As both Judge Babcock and Judge Blackburn found in recent orders in similar cases involving the same attorney as in this matter, all the courts that have considered Mr. Larson's attorney fees requests have found $250 to be a reasonable hourly rate for his services. *See* Order at 3-4, [ECF No. 16], filed March 16, 2012, *White v. Calvary Portfolio Services, LLC*, Civil Case No. 11-cv-02217-LTB-KLM; *see also* Order at 2-3, [ECF No. 16], filed June 11, 2012, *Varely v. Midland Credit Mgmt. Inc.,* Civil Case No. 11-cv-02807-REB-MJW. Moreover, in all of the cases from this Court that Plaintiff cites in support, Mr. Larson's reasonable rate was found to be $250. *See* Motion for Attorneys Fees at 6-7, [ECF No. 10]. I agree and use this fee as the starting point of my lodestar analysis.[3]

With respect to the number of hours expended, I find that the fee application evidences a clear lack of billing judgment. Judge Blackburn recently analyzed a similar

---

[3] I note that both Judge Babcock and Judge Blackburn found unpersuasive the arguments contained in the affidavit submitted by the plaintiff in support of his motion for attorney fees. *See* Order at 4-5, [ECF No. 16], filed March 16, 2012, *White v. Calvary Portfolio Services, LLC*, Civil Case No. 11-cv-02217-LTB-KLM; *see also* Order at 3, [ECF No. 16], filed June 11, 2012, *Varely v. Midland Credit Mgmt. Inc.,* Civil Case No. 11-cv-02807-REB-MJW. The affidavits in their cases were authored by the same affiant here. I agree with the analysis put forth by my colleagues and agree that the affidavit is unpersuasive.

fee application by the Mr. Larson in a similar FDCPA matter involving the same defendant, Midland Credit Management, Inc.   *See* Order at 3, [ECF No. 16], filed June 11, 2012, *Varely v. Midland Credit Mgmt. Inc.,* Civil Case No. 11-cv-02807-REB-MJW.  I concur with Judge Blackburn's analysis and reduce the number of hours expended in the instant matter to reach more reasonable calculation.

First, Plaintiff's counsel has included nearly one hour worth of charges associated with secretarial and administrative tasks, which are not billable at an attorney's hourly rate.  *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989).   Second, "in light of counsel's obvious and professed experience in these types of cases," the number of hours devoted to drafting the complaint and reviewing the answer and drafting and reviewing other routine documents in FDCPA cases "strikes this court as excessive and unnecessary."   Order at 3, [ECF No. 16], *Varely v. Midland Credit Mgmt. Inc.,* Civil Case No. 11-cv-02807-REB-MJW (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983)).   Based on these conclusions, I subtract 4.5 hours from the number of hours reasonably expended.   I further subtract 0.5 hours because I consider some of the time spent on emailing, phone calling, and recovering attorney's fees duplicative, excessive or both.

The resolution of this case was swift and lacked any serious dispute—as the file reflects, an Offer of Judgment was made 6 weeks after this case was filed and Judgment was entered for the Plaintiff within two months.   Although Plaintiff may want a line by line analysis of my assessment of resulting reduction, I "need not identify and justify every hour allowed or disallowed."   *Malloy*, 73 F.3d at 1018 (noting that such a request would run counter to the Supreme Court's warning that a request for attorney's fees should not

result in a second major litigation).   This is because the purpose of shifting fees "is to do rough justice, not to achieve auditing perfection."   *Fox v. Vice,* -- U.S. --, 131 S. Ct. 2205, 2216 (2011).

Accordingly, for the reasons cited herein, I find that a reasonable amount of time expended on this case is 7.6 hours. Multiplying the number of hours reasonably expended (7.6) by the reasonable hourly rate ($250) results in a lodestar fee award of $1900.   Therefore, it is

ORDERED that Plaintiff's Motion for Attorneys [sic] Fees, [ECF No. 10], filed January 6, 2012, is **GRANTED IN PART** and **DENIED IN PART**.   The motion is **GRANTED** to the extent that Plaintiff is entitled to $1,900 in attorney fees and **DENIED** in all other respects.   It is

FURTHER ORDERED that counsel for plaintiff is **AWARDED** $1,900 in attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

Dated:   September 20, 2012.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE